UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MANZO ORTEGA,<br><br>          Petitioner,<br><br>v.<br><br>HEATHER SHIRLEY, Warden,<br><br>          Respondent. | Case No.: 25cv665-LL-DDL<br><br>**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING AMENDED PETITION WITHOUT PREJUDICE**<br><br>[ECF No. 4] |

  In November 2024, Martin Manzo Ortega ("Petitioner"), a state prisoner proceeding pro se, filed an application with the Ninth Circuit Court of Appeals for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court, which on March 21, 2025, was filed in this district as a § 2254 habeas petition pursuant to the directions of the Ninth Circuit. *See* ECF No. 1. On April 10, 2025, the Court dismissed the case without prejudice for failure to satisfy the filing fee requirement, failure to use the proper form, and failure to allege exhaustion of state judicial remedies, and Petitioner was directed that in order to have the case reopened, he must submit both "(1) a completed Amended Petition form that cures the pleading deficiencies outlined in the instant Order and (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee" no later than May 30, 2025. ECF No. 2 at 6. Petitioner subsequently sent a motion to proceed

in forma pauperis and an Amended Petition to the Ninth Circuit, which was forwarded to the Court and filed on May 16, 2025. ECF Nos. 3, 4; *see also* ECF No. 3 at 1 and docket. Upon review, and for the reasons discussed below, the Court **DENIES** the Motion to proceed in forma pauperis and **DISMISSES** the Amended Petition without prejudice.

## MOTION TO PROCEED IN FORMA PAUPERIS

A motion to proceed in forma pauperis made by a state prisoner must not only include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee, but must also include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; *see also* S.D. Cal. CivLR 3.2. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." S.D. Cal. CivLR 3.2; *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has submitted the required affidavit, *see* ECF No. 4 at 1-3, he has failed to provide the Court with the required prison certificate and certified copy of his trust fund account statement.[1] *See generally* ECF No. 4. Because Petitioner has not provided the Court with the required financial information, the Court **DENIES** the motion to proceed in forma pauperis without prejudice to resubmission.

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the instant habeas action is subject to dismissal without prejudice. *See* Rule 3(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

---

[1] Petitioner has instead only provided what appears to be one page from an uncertified trust account statement dated March 19, 2025, approximately two months ago, which reflects account transactions between December 2024 and March 2025. *See* ECF No. 4 at 3.

## **FAILURE TO USE AND COMPLETE FORM/FAILURE TO SIGN PETITION**

A Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(d), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. To comply with the Local Rules, petitions must be submitted on a court-approved form and in accordance with the instructions approved by the Court. *Id.*; S.D. Cal. CivLR HC.2(b). Petitioner has again failed to submit his Petition on the proper form.

Upon review, Petitioner has submitted the habeas petition form itself, but he has only completed a portion of the first page (providing his name, prison number, address, and case caption information) of that eleven-page form and has left the vast majority of the petition form blank. *See* ECF No. 3 at 61-71. Instead of completing that form, it appears Petitioner simply resubmitted a copy of the previously submitted petition, *compare* ECF No. 3 at 72-80 *with* ECF No. 1-2 at 1-9, which the Court dismissed for numerous reasons, *see generally* ECF No. 2, now accompanied by a four-page handwritten document. *See id.* at 3-6. In the handwritten document, which again was sent to the Ninth Circuit and subsequently forwarded to the Court, Petitioner states in relevant part, "I enclose here the same Amended petition sent to my person from Federal Courts so, you may fill it out for me since I do not have a lawyer at this time been [sic] and so Amended Petition with new #25cv665-LL[] and my name information need of," and requests "it be done in typing so they may understand it with an old copy from an Appeal Petition for you to go by with the information provide[d] by my person." *Id.* at 4.

Again, Petitioner must submit his completed habeas petition on a court-approved form and in accordance with the instructions approved by the Court. *See* Rule 2(d), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; S.D. Cal. CivLR HC.2(b). Because Petitioner has not done so, the Court cannot proceed.

Additionally, Petitioner has left the signature section of the habeas petition form blank and unsigned. *See* ECF No. 1 at 71. Rule 2(c) of the Rules Governing Section 2254 Cases requires in relevant part that "[t]he petition must . . . be signed under penalty of

perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Here, because Petitioner has failed to sign the Amended Petition under penalty of perjury, the instant case is also subject to dismissal for failure to satisfy this requirement.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** the motion to proceed in forma pauperis [ECF No. 4] and **DISMISSES** the Amended Petition without prejudice for failure to satisfy the filing fee requirement, failure to use and complete the proper form, and failure to submit a petition signed under the penalty of perjury. To have this case reopened, Petitioner must submit, no later than **July 22, 2025**, **BOTH**: (1) a completed Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank In Forma Pauperis Application together with a copy of this Order.*

IT IS SO ORDERED.

Dated: May 27, 2025

Honorable Linda Lopez
United States District Judge